```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW J. GAYTON                :       CIVIL ACTION
                                :
     v.                         :
                                :
MICHAEL J. ASTRUE               :       NO. 08-3667
```

ORDER

AND NOW, this 18th day of May, 2009, upon consideration of the Honorable Arnold Rapoport's Report and Recommendation (docket entry #11), the defendant's objections, the plaintiff's response to those objections, our independent review of the administrative record, and this Court finding that:

   (a)   The administrative law judge ("ALJ") determined that the plaintiff suffers from severe back impairment and severe depression, R. at 23;

   (b)   The ALJ stated that she did not find "any mental impairments that more than mildly affect [the plaintiff's] activities of daily living or more than moderately affect his social functioning and concentration," id;

   (c)   The ALJ concluded that the plaintiff's depression specifically limited him to jobs that "require only one and two step tasks and do not involve working with the public," R. at 28;

   (d)   During the administrative hearing, the ALJ posed the following hypothetical to the vocational expert ("VE"):

> we're looking for a unskilled, strictly unskilled work, simple one- to two-step tasks...taking away work which would have the stress of dealing with the public or much interaction with co-workers...[and] work[ing] at a sedentary exertional level with the option for performing it liberally, either seated or standing

R. at 94.

(e) The VE responded that "[l]imiting the person to unskilled, sedentary work and eliminating public contact and regular contact with coworkers, [there are] positions that fall within that category...such as a packer...assembly work...[and] machine operator," R. at 94-95;

(f) Based on VE's testimony, the ALJ found that the plaintiff was not disabled and had the residual functional capacity to perform "unskilled sedentary jobs that can be performed alternating between sitting and standing, require only one and two step tasks, and do not involve working with the public or much interaction with co-workers," R. at 23;

(g) An ALJ's hypothetical to the VE need not include every impairment the plaintiff alleges, but the hypothetical must include all of the credibly established limitations, otherwise the VE's response cannot be considered substantial evidence, Rutherford v. Barnhart, 339 F.3d 546, 554 (3d Cir. 2005);

(h) The plaintiff argued, and Judge Rapoport found,

that the ALJ's limitation of one to two step tasks "did not adequately convey" the moderate limitations to the plaintiff's concentration that the ALJ found, Report and Recommendation at 8 (relying on Ramirez v. Barnhart, 372 F.3d 546, 554 (3d Cir. 2004));

  (i) In Ramirez, the claimant claimed that she was disabled, in part, because of her anxiety disorder; three different psychiatrists diagnosed her as experiencing often or frequent deficiencies in concentration, persistence, or pace, and limited her to simple, unskilled work, id. at 548;

  (j) The ALJ made no adverse credibility determinations concerning the claimant's testimony or the medical records, and found that the claimant *often* had deficiencies in concentration, persistence, or pace, id. at 549;

  (k) Based on these deficiencies, the ALJ limited the hypothetical posed to the VE to those jobs involving "simple one to two step tasks...[with no] travel outside of the workplace...[and a work setting where she could] make or receive personal phone calls" id;

  (l) Our Court of Appeals determined that "a requirement that a job be limited to one or two step tasks...does not adequately encompass a finding that [the claimant] 'often'

3

has 'deficiencies in concentration, persistence, or pace' as was noted by the ALJ," id. at 554;

(m)  Our Court of Appeals held that the ALJ's hypothetical failed to include any limitations related to deficiencies in pace that the ALJ found; the jobs that the VE testified the claimant could do all involved daily production quotas, and deficiencies in pace would have a direct impact on the claimant's ability to do such jobs, id;

(n)  The ALJ could exclude limitations to pace from the hypothetical as long as there was some valid explanation, e.g., "the deficiency in pace was so minimal or negligible that, even though, [the claimant] 'often' suffered from this deficiency, it would not limit her ability to perform simple tasks under a production quota," but the ALJ did not provide such an explanation, id. at 555;

(o)  Without some valid reason for excluding such a limitation, it was "not clear whether [it]...would have changed the vocational expert's response," and, therefore, our Court of Appeals remanded the case to the Commissioner, id. at 549, 555;

(p)  Ramirez does not oblige the ALJ to make a verbatim recitation to the VE of the type of limitation the claimant has, but instead obliges the ALJ to fashion limitations with a

"greater specificity" that adequately convey the particulars of the claimant's impairments, id. at 552 (quoting Burns v. Barnhart, 312 F.3d 113, 122 (3d Cir. 2002);

 (q) The relevant limitations depend on what the record establishes as the credible symptoms of the claimant's impairments; in Ramirez, the medical records established that the claimant had an anxiety disorder that affected the pace at which the claimant could work, yet the ALJ placed no limits on pace or even discussed pace in the course of her analysis;

 (r) Here, the ALJ found that the plaintiff's depression caused moderate limitations in his social functioning and concentration; the ALJ limited the plaintiff to jobs that "require only one and two step tasks" to account for the latter limitation, and that "do not involve working with the public" to account for the former, R. at 28;

 (s) But uncontradicted medical records establish that the plaintiff is bi-polar: in an October 18, 2006 psychiatric assessment, Dr. Rosillo diagnosed the plaintiff as suffering from a bi-polar disorder that impairs his judgment -- an assessment that the ALJ relied on to undercut the plaintiff's assertions that he had memory problems, R. at 26, 378;

 (t) Arguably, the ALJ's limitation of work to one to

two step task may have adequately conveyed the effect of plaintiff's depression on his concentration, but without <u>some</u> discussion of the bi-polar diagnosis or <u>some</u> reason to discount the plaintiff's impaired judgment, the hypothetical does not adequately encompass all of the plaintiff's credibly established limitations;

 (u) The Government cites to our Court of Appeals's recent non-precedential opinion in which the panel found adequate an ALJ's hypothetical that limited the claimant's work to "simple, routine tasks" based on the claimant's moderate limitations in concentration, persistence, and pace, <u>McDonald v. Astrue</u>, 293 Fed. Appx. 941, 946-47 (3d Cir. 2008);

 (v) The <u>McDonald</u> panel stated that their case was distinguishable from <u>Ramirez</u> because Ramirez "<u>often</u> suffered from deficiencies in concentration, persistence, or pace," whereas McDonald only suffered from <u>moderate</u> limitations, <u>id.</u> at 947 n.10 (emphasis in original);

 (w) Despite the suggestion of this dicta, <u>McDonald</u> confronted a very different factual scenario from this one;

 (x) In <u>McDonald</u>, our Court of Appeals noted that the ALJ canvassed the medical records and found that they did not support the claimant's assertions of dizziness, lightheadedness,

6

and headaches; our Court of Appeals determined that the hypothetical limited to "simple, routine tasks" adequately conveyed the claimant's limitations in light of "not only a lack of support for [the claimant's] complaints, but evidence to the contrary," all of which the ALJ considered and addressed, id. at 946;

(y)  Here, we have uncontradicted evidence of the plaintiff's bi-polar disorder and impairments to his judgment, which the ALJ did not discuss, expressly discount, or include in her hypothetical to the VE;

(z)  It may turn out that limiting work to one to two step tasks would adequately encompass the plaintiff's limitations but we cannot know this unless and until the ALJ considers the effect of the plaintiff's bi-polar disorder on his ability to work, and flushes out what limitations, if any, issue therefrom;

(aa) Until the ALJ forecloses the possibility that VE could have changed her testimony if the ALJ had included limitations pertinent to the plaintiff's bi-polar disorder, the hypothetical does not amount to substantial evidence on which the ALJ can properly rely;

It is hereby ORDERED that:

1.  The Report and Recommendation is APPROVED and

ADOPTED;

      2.   The defendant's objections are DISMISSED;

      3.   The case is REMANDED to the Commissioner under the fourth sentence of 42 U.S.C. § 405(g) so that the Administrative Law Judge may reconsider plaintiff's residual functional capacity as regards the plaintiff's moderate limitations in concentration, persistence, or pace, and submit the appropriate hypothetical to the vocational expert consistent with this Order; and

      4.   The Clerk of Court shall CLOSE this case statistically.

                          BY THE COURT:

                          /s/ Stewart Dalzell, J.